UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ISABEL PEREZ-MARTINEZ,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　Case No. 8:18-cv-2740-T-AEP

ANDREW M. SAUL,
Commissioner of Social Security,[1]

    Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence and failed to employ proper legal standards, the Commissioner's decision is reversed and remanded.

**I.**

**A.　Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 240-49). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 105-52). Plaintiff then requested an administrative hearing (Tr. 153-54). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 58-82). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 9-28). Subsequently, Plaintiff requested review from the

---

[1] Andrew M. Saul is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul should be substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

Appeals Council, which the Appeals Council denied (Tr. 1-8). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1970, claimed disability beginning December 31, 2014 (Tr. 240, 244). Plaintiff obtained a high school education (Tr. 267). Plaintiff's past relevant work experience included work as a self-employed housekeeper (Tr. 76, 258-70). Plaintiff alleged disability due to knee, feet, and chest pain (Tr. 266).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2020 and had not engaged in substantial gainful activity since December 31, 2014, the alleged onset date (Tr. 17). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: bilateral knee osteoarthritis, status post total knee replacements, and obesity (Tr. 18). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 18). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work, except that Plaintiff could never climb ladders, ropes, or scaffolds, but she could occasionally kneel, crouch, and crawl (Tr. 18). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 19). Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ

determined Plaintiff could perform her past relevant work as a self-employed housekeeper (Tr. 21). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 21).

**II.**

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age,

education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**III.**

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545,

416.920(a)(4)(iv), 416.945. Past relevant work consists of work a claimant performed "within the last 15 years, lasted long enough for [the claimant] to learn to do it, and was substantial gainful activity."  20 C.F.R. §§ 404.1565(a), 416.965(a).  The claimant bears the burden of proving that his or her impairments prevent the performance of past relevant work. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001); *cf. Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (noting that the regulations "place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work.") (citation omitted).  Additionally, the claimant bears the burden of demonstrating that his or her past work experience does not constitute past relevant work. *Waldrop v. Comm'r of Soc. Sec.*, 379 F. App'x 948, 953 (11th Cir. 2010) (citing *Barnes v. Sullivan*, 932 F.3d 1356, 1359 (11th Cir. 1991)).  In considering past relevant work, a finding of "not disabled" is warranted where a claimant retains the RFC to perform (1) the actual functional demands and job duties of a particular past relevant job; or (2) the functional demands and job duties of the occupation as generally required by employers throughout the national economy.  Social Security Ruling 82-61 ("SSR 82-61"), 1982 WL 31387, at *2 (Jan. 1, 1982).  Stated differently, "[a] claimant is not disabled if she is able to perform her past work either as she actually performed it or as it is generally performed in the national economy." *Fries v. Comm'r of Soc. Sec. Admin.*, 196 F. App'x 827, 832 (11th Cir. 2006) (citation omitted).

Here, Plaintiff argues that the ALJ erred by concluding that Plaintiff could perform past relevant work as a housekeeper, Dictionary of Occupational Titles ("DOT") No. 323.687-014 (Tr. 21).  Namely, Plaintiff argues that her past relevant work more properly comports with work as a domestic day worker, DOT No. 301.687-014, rather than as a housekeeper, because she did not perform the work in a commercial establishment.  According to Plaintiff, if Plaintiff's past work was classified as a domestic day worker rather than as a housekeeper,

Plaintiff could not perform such work as it is generally performed. Plaintiff therefore contends that the ALJ erred at step four by finding that Plaintiff could perform past work as a self-employed housekeeper.

In determining whether a claimant can perform past relevant work, the ALJ will ask the claimant about his or her work performed in the past. 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2). The ALJ may also use the services of VEs or other resources, such as the DOT, to obtain evidence needed to help determine whether a claimant can perform his or her past relevant work, given the RFC. 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2). As the regulations indicate, a VE "may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy[,]" and "[s]uch evidence may be helpful in supplementing or evaluating the accuracy of the claimant's description of his [or her] past work." 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2). Indeed, a VE "is an expert on the kinds of jobs an individual can perform based on his or her capacity and impairments." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004).

To that end, during the administrative hearing, the ALJ asked Plaintiff about her past work, and Plaintiff testified that she worked "cleaning houses and apartments" (Tr. 65).[2] In her work history report submitted prior to the administrative hearing, Plaintiff described her prior work experience as a self-employed housekeeping position involving the following: working eight hour per day for three days per week; no use of machines, tools, or equipment; no technical knowledge or skills; no writing or completing reports; walking seven hours per day; standing six hours per day; no sitting; climbing two hours per day; stooping five hours per day; kneeling

---

[2] It should be noted that Plaintiff required the use of a translator during the administrative hearing (Tr. 58-82), and her testimony was offered in response to the following question posed by the ALJ: "Now, you worked as a housekeeper, is that correct?" (Tr. 65).

four hours per day; crouching two hours per day; no crawling, reaching, or handling, grabbing, or grasping big objects; no writing, typing, or handling of small objects; frequent lifting of objects weighing less than 10 pounds; lifting no more than 10 pounds but lifting a vacuum and working equipment; and no supervision of other people (Tr. 258-59). In considering Plaintiff's description of her past work, the VE concluded that Plaintiff's past relevant work consisted solely of the self-employed housekeeper position (Tr. 76).

In reaching that conclusion, and in addressing the hypotheticals posed by the ALJ, the VE relied upon the job descriptions in the DOT and her experience in placement, labor market research, and on-site job analysis (Tr. 76-78). As the Commissioner notes, the VE provided extensive experience, spanning more than 40 years in vocational and rehabilitative services at the time of the administrative hearing (Tr. 328-33). During the administrative hearing, Plaintiff, through counsel, did not object to the VE's qualifications but rather asked the VE several questions regarding the requirements of the housekeeper job identified by the VE (Tr. 75-76, 79-80).

Notwithstanding the VE's extensive experience, it is unclear whether the VE's testimony constitutes substantial evidence upon which the ALJ could rely, as it appears that the VE misclassified Plaintiff's past relevant work. Specifically, the DOT describes the "CLEANER/HOUSEKEEPING" position as follows:

> Cleans rooms and halls in commercial establishments, such as hotels, restaurants, clubs, beauty parlors, and dormitories, performing any combination of following duties: Sorts, counts, folds, marks, or carries linens. Makes beds. Replenishes supplies, such as drinking glasses and writing supplies. Checks wraps and renders personal assistance to patrons. Moves furniture, hangs drapes, and rolls carpets. Performs other duties as described under CLEANER (any industry) I Master Title. May be designated according to type of establishment cleaned as Beauty Parlor Cleaner (personal ser.); Motel Cleaner (hotel & rest.); or according to area cleaned as Sleeping Room Cleaner (hotel & rest.).

DOT 323.685-014, 1991 WL 672783. The DOT indicates that the position is designated for any industry and constitutes light work.[3] DOT 323.685-014, 1991 WL 672783. In contrast, the DOT describes the "DAY WORKER" position as follows:

> Performs any combination of [the] following domestic duties: Cleans and dusts furnishings, hallways, and lavatories. Changes and makes beds. Washes and irons clothings [*sic*] by hand or machine. Vacuums carpets, using vacuum cleaner. May watch children to keep them out of mischief. May wash windows and wax and polish floors.

DOT 301.687-014, 1991 WL 672654. The DOT designates this position as falling within the domestic service industry. DOT 301.687-014, 1991 WL 672654. More importantly, the DOT classifies this position as involving medium work.[4] DOT 301.687-014, 1991 WL 672654.

As described, Plaintiff's past relevant work appears to more closely resemble that of the domestic day worker, as it occurred in residential settings and did not involve the tasks outlined in the housekeeper description. The distinction between the two positions remains a critical one, as the domestic day worker position involves medium exertional requirements while the housekeeper position requires light exertional requirements. Given the exertional difference between the two positions and its impact upon the analysis of Plaintiff's ability to perform her past relevant work, the ALJ should reconsider and address the issue of Plaintiff's past relevant work on remand. Namely, since the ALJ found that Plaintiff maintained an RFC to perform a

---

[3] Light work involves the following:

> [L]ifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. §§ 404.1567(b), 416.967(b).

[4] Medium work involves "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c).

reduced range of light work, if Plaintiff's past relevant work was classified as the domestic day worker, such work may be precluded as it is generally performed at the medium exertional level. Indeed, other courts confronting this or similar distinctions between positions have likewise remanded for reconsideration by the ALJ. *See Barba v. Berrhyill*, Case No. 2:16-CV-03669 (VEB), 2017 WL 5484650, at *5-*6 (C.D. Cal. Nov. 15, 2017) (remanding to the ALJ to address the distinction between the day worker/domestic and the housekeeper and the exertional differences); *see Young v. Colvin*, CIVIL ACTION NO. 9:14-3792-TMC-BM, 2015 WL 7292844, at *3-*4 (D.S.C. Oct. 30, 2015), *report and recommendation adopted at* 2015 WL 7302233 (D.S.C. Nov. 18, 2015) (remanding to the ALJ to address the distinction between the domestic laundry worker position and the commercial laundry worker position and the exertional differences).

**IV.**

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is REVERSED and the matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings consistent with this Order.

2. The Clerk is directed to enter final judgment in favor of Plaintiff and close the case.

DONE AND ORDERED in Tampa, Florida, on this 16th day of March, 2020.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record

9